**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BERNON L. HOWERY, # B-12703,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-1133-JPG** |
| | ) | |
| **MICHAEL ATCHINSON,** | ) | |
| **OFFICER GLANDNEY (GLADNEY),** | ) | |
| **OFFICER NEWS,** | ) | |
| **UNKNOWN PARTY (Property Clerk),** | ) | |
| **and NICK SIEVER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  He is serving a life sentence for murder and aggravated arson.  Plaintiff also filed a second lawsuit at the same time he brought this case (*Howery v. Harrington*, Case No. 14-cv-1134-NJR, filed Oct. 21, 2014).  That matter is also under consideration by the Court.

Plaintiff claims that on November 1, 2012, a policy change was announced whereby Menard prisoners would only be allowed to possess 18 cassette tapes (Doc. 1, p. 12).  Plaintiff complied with the new restrictions by packaging up his excess 28 cassette tapes into two manila envelopes to be mailed to his daughter.  He also provided signed money vouchers to cover the postage for each package.

The next day (November 2, 2012), Plaintiff handed the envelopes and vouchers to

Defendants Gladney[1] and News.  Those Defendants proceeded to shake down Plaintiff's cell while Plaintiff was being held in the shower room in handcuffs.  Plaintiff did not see what they did with his packages of tapes, but Defendant Gladney assured him they were "in good hands" (Doc. 1, p. 13).  He gave Plaintiff a shakedown slip as a receipt.

More than a week went by, but Plaintiff never received a receipt showing that he had been charged for the postage on the two packages, and his daughter never received the tapes. Plaintiff made inquiries and filed a grievance.  Defendant Siever (a property officer) then sent Plaintiff another property disposal form along with a new money voucher.  Plaintiff completed the forms, again requesting the tapes to be mailed out with insurance.  He never received copies of those documents back, his account was not charged for the postage, and the tapes were never delivered to his daughter.

Plaintiff faults Defendant Atchinson (the then-Menard Warden) with failing to ensure that his subordinate prison officers would properly handle the excess tapes that could no longer be kept in his cell.  He also complains that Defendants Gladney and News ransacked and scattered his other property during the shakedown.  Plaintiff claims that he suffered mental distress from the loss of his property, and again when Defendant Atchinson became belligerent after Plaintiff asked him to resolve the problem of his missing tapes.  He asserts that the Defendants' "negligent and extremely careless" handling of his property violated his rights under the Eighth and Fourteenth Amendments (Doc. 1, p. 15).

Plaintiff seeks injunctive relief, compensatory and punitive damages.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which

---

[1] This Defendant's name was misspelled as "Glandney" on the Court's docket sheet.

relief may be granted, or seek monetary relief from an immune defendant.

After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

The crux of Plaintiff's claim is that his property – the cassette tapes – was taken from him and then lost.  The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law.  To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).  Therefore, Plaintiff cannot seek damages in federal court for the loss of his property, and his Fourteenth Amendment civil rights claim shall be dismissed with prejudice.  He may, however, seek redress for his economic loss in state court, providing he can file his state action in accordance with the applicable rules and deadlines.  The dismissal of this civil rights action shall not operate as a bar to Plaintiff bringing a property claim in the Illinois Court of Claims.

Further, the complaint does not state a claim for "cruel and unusual punishment" within the meaning of the Eighth Amendment.  Plaintiff's mental distress over the loss of his property does not rise to the level of a significant deprivation of a basic human need, such as food, medical care, physical safety, or sanitation, which would trigger Eighth Amendment scrutiny.

*See Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *Farmer v. Brennan*, 511 U.S. 825, 837 (1970).

Plaintiff's assertion that the Defendants were negligent and careless in handling his property is equally unavailing.  Negligence does not violate the Constitution.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Finally, even if he had stated a colorable claim, Plaintiff could not recover damages in a civil rights case in the absence of any physical injury.  The Civil Rights of Institutionalized Persons Act (42 U.S.C. § 1997e *et seq.*), as amended in 1996 by the Prison Litigation Reform Act ("PLRA"), strictly limits an inmate's recovery for mental or emotional injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C.A. § 1997e(e).

For these reasons, this case shall be dismissed with prejudice.

## Disposition

**IT IS ORDERED** that this civil rights action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  The dismissal of this case shall not bar Plaintiff from seeking damages for the loss of his property in the Illinois Court of Claims.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for

leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[2] may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 19, 2014**

s/J. Phil Gilbert
United States District Judge

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).